J. H., Petitioner *v.* Department of Public Welfare, Respondent.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Leon Ehrlich,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, for respondent.

*Alfred W. Crump, Jr.,* for Berks County Children and Youth Services.

*Robert J. Manara,* Guardian Ad Litem on behalf of J.S.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 11, 1983:

J.H. appeals from a Department of Public Welfare (DPW) order which adopted the recommendation of the Hearing Officer denying his request to expunge his child abuse record. We affirm.

On January 31, 1980, J.H. attempted to administer corporal punishment to his stepson, J.S., by striking him across the buttocks with an oak stick. The child, however, spun around and ducked and the blow struck him on the head resulting in a laceration requiring six sutures.

A report of alleged abuse about the incident was filed with the Berks County Child Protective Service. After an investigation, the report was assigned the status of "indicated"[1] by the Service and filed in the statewide Central Registry. J.H. requested the Department to expunge the report. When this was denied, J.H. requested a hearing. The Hearing Officer

---

[1] Section 3 of the Child Protective Services Law, Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §2203, provides:

"Indicated report" means a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (I) available medical evidence and the child protective service investigation or (II) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.

recommended that J.H.'s record of child abuse not be expunged.

Section 15(d) of the Child Protective Services (CPS) Law[2] specifies the grounds upon which a child abuse report must be expunged: first, the report is inaccurate and/or second, the report is being maintained inconsistently with the provisions of the Law.

The CPS law[3] defines an "abused child" as a child under 18 years of age who exhibits evidence of *serious physical or mental injury* not explained by the available medical history as being *accidental,* sexual abuse, or serious physical neglect, if the injury, abuse or neglect has been caused by the acts or omissions of the child's parents or by a person responsible for the child's welfare. . . . (Emphasis added.)

J.H. contends that the report is not being maintained in accord with the Law for two reasons: (1) the child did not suffer a serious physical injury, and (2) that the injury was accidental in nature.

Serious physical injury is defined by DPW regulation as that which:

significantly jeopardizes the child's safety, causes the child severe pain, significantly impairs the child's physical functioning, either temporarily or permanently, or is accompanied by physical evidence of a continuous pattern of separate unexplained injuries to the child.

DPW Social Services Manual §2-23-43.

J.H. admits striking the child on the head with an oak stick. It is obvious that such a blow, causing an injury requiring six sutures, will cause severe pain, especially when administered to an eleven year old child.

---

[2] 11 P.S. §2215(d).

[3] 11 P.S. §2203.

372

All parties agree that *accidental* injuries are beyond the scope of the CPS Law. J.H. contends that the injury to his stepson was accidental because it was unintentional. The record supports the Hearing Officer's conclusion that J.H. intended to inflict pain. J.H. was aware of the natural consequences of his action, *i.e.*, that it would generate the child's reaction even though not intentional. Accordingly, we conclude that the Hearing Officer did not err as a matter of law in not characterizing the injury as accidental.

We affirm.

### ORDER

The order of the Director of the Office of Hearings and Appeals for the Department of Public Welfare, dated August 25, 1981, is hereby affirmed.