515 A.2d 339

Ms. C., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Dauphin County Social Services for Children & Youth, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs December 27, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Joseph J. Dixon,* for petitioner, Ms. C.

*Robert B. Lieberman, Melman, Gekas, Nicholas & Lieberman,* for petitioner, Dauphin County Social Services for Children & Youth.

*Howard Ulan,* Assistant Counsel, for respondent.

Opinion by Judge Blatt, September 23, 1986:

Ms. C.[1] and Dauphin County Social Services for Children and Youth (county agency) (jointly referenced herein as the petitioners) separately have petitioned for review of the order of the Department of Public Welfare (DPW). This order adopted a hearing officer's recommendation to grant the request of a party identified as R.D. to expunge his child abuse record. Both appeals have been consolidated here for our review.

R.D. and his wife, identified as P.D., were named in an indicated child abuse report, *see* Section 3 of the Child Protective Services Law, Act of November 26, 1975, P.L. 438 (Law), 11 P.S. §2203, as being responsible for certain bruises discovered on a child identified as r.d., the minor son of R.D. and the petitioner, Ms. C. After a hearing, the DPW hearing officer concluded that the county agency failed to meet its burden of proving the accuracy of the indicated report, *see* Section 15(d) of the Law, 11 P.S. §2215(d) and, therefore, granted expungement as to both R.D. and P.D.

Where, as here, the burdened party does not prevail before an administrative agency, we are restricted in our review to determining whether or not constitutional rights were violated, an error of law was committed, or there was a capricious disregard of competent evidence. *Milbourne v. Pennsylvania Crime Victim's Compensation Board,* 82 Pa. Commonwealth Ct. 259, 475 A.2d 899 (1984).

The petitioners initially contend that the hearing officer should have accepted their evidence as the only credible evidence in the record. It is not, however, within our scope of review to assess the weight and credibility of the record evidence on appeal from an ad-

---

[1] For the purposes of this opinion, we will refer to the petitioner in No. 485 C.D. 1985 as "Ms. C."

ministrative adjudication. *Kundrat v. State Dental Council and Examining Board*, 67 Pa. Commonwealth Ct. 341, 447 A.2d 355 (1982). Such matters are solely within the province of the fact-finding agency. *Id*. Accordingly, finding substantial record evidence in the form of R.D.'s testimony, we cannot conclude that the administrative findings of fact constitute a capricious disregard of the evidence.

The other issue raised by the county agency as petitioner is an allegation of error due to the expungement of the record with regard to P.D. It contends that, inasmuch as only R.D. requested expungement, DPW exceeded its authority in acting to remove P.D.'s name from the record as well. To accept this argument, however, we would have to ignore the clear language of Section 2214(o) of the Law, 11 P.S. §2214(o), which pertinently provides that "[a]t any time, the secretary may amend, seal or expunge *any* record upon good cause shown. . . ." Therefore, having found that the burdened party failed to substantiate the accuracy of the indicated report of child abuse in this case, we believe that DPW acted properly under §2214(o) to expunge both of the names of the alleged perpetrators.

Under the circumstances of this case, we must affirm DPW's order.

ORDER

AND NOW, this 23rd day of September, 1986, the order of the Department of Public Welfare in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent.

The majority upholds the DPW hearing officer's conclusion that the county youth social services agency

(county agency) failed to meet its burden of proving the accuracy of the indicated report of child abuse.[1] In doing so, the majority allows the hearing officer complete discretion to disregard substantial record evidence.

The county agency offered medical evidence, in the form of a pediatrician's testimony, that a large bruised area, measuring approximately 3-4 inches by 9-10 inches, extending from the lower rib cage over the right back area to the right buttock. This area contained two distinct overlapping bruised areas, one area 72-96 hours old and a second 24-48 hours old. It was the doctor's opinion that these bruises were inflicted by a flat, hard object. There was also testimony by R.D., the father of the child, that he owned a paddle 18-24 inches long with which he threatened the child and which he admittedly used to strike the child while he was in diapers.

This Court has recently held that there is no absolute requirement of expert medical evidence to support indicated reports in all cases. *Cruz v. Department of Public Welfare*, 80 Pa. Commonwealth Ct. 360, 472 A.2d 725 (1984). Even so, the record reveals *substantial medical* testimony affirming the allegation of child abuse which the hearing officer apparently chose to ignore.

The DPW hearing officer recommended expungement based on the conclusion that there was no evidence to show that the injury resulted in severe pain or

---

[1] An "indicated" report is made pursuant to the Child Protective Services Law, Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201—2224, when an investigation by a child protective service determines that substantial evidence of alleged abuse exists based on (1) available medical evidence, (2) the child protective service investigation or (3) an admission of abuse by the child's parent or person responsible for the child's welfare. Section 3 of the Law, 11 P.S. §2203.

impaired r.d.'s physical function. Direct evidence is hardly necessary to the determination that a bruise of that size would cause severe pain. Moreover, to require a showing of impaired physical function directly conflicts with the prophylactic purpose of the Act, which is to provide "protection for children from further abuse." Section 2 of the Child Protective Services Law (Law).[2]

In addition, I believe that DPW exceeded its authority in expunging the record pertaining to P.D., the wife of R.D. Section 15(d) of the Law[3] states that expungement may be granted upon the request of a subject of the report. P.D. failed to make such a request. Because I believe that the county agency met its burden of proving the accuracy of the indicated report, I would not find good cause to expunge P.D.'s record, as authorized by Section 14(o) of the Law.[4]

---

[2] 11 P.S. §2202.
[3] 11 P.S. §2215(d).
[4] 11 P.S. §2214(o).