516 A.2d 1305

Lehigh County Office of Children and Youth Services, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 12, 1986, before Judges MACPHAIL and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Malcolm J. Gross,* for petitioner.

*W. Thomas Anthony, Jr.,* for respondent, Louis Reit-
bauer.

OPINION BY SENIOR JUDGE BARBIERI, October 24,
1986:

The Lehigh County Office of Children and Youth
Services (OCYS) appeals here the final administrative
action of the Department of Public Welfare's (DPW) Of-
fice of Hearings and Appeals adopting the recommenda-
tion of the hearing officer that the OCYS be directed to
expunge any and all records of child abuse maintained
pursuant to the Child Protective Services Law[1] impli-
cating L.R.

The Child Protective Services Law (Law) establishes
a procedure for maintenance of a central state-wide reg-
istry which contains record of all "founded"[2] and
"indicated"[3] reports of child abuse. L.R., father of C.R.,

---

[1] Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S.
§§2201-2224.

[2] Section 3 of the Law, 11 P.S. §2203, defines "Founded re-
port" as "a report made pursuant to this act if there has been any
judicial adjudication based on a finding that a child who is a subject
of the report has been abused."

[3] Section 3 of the Law, 11 P.S. §2203, defines "Indicated re-
port" as "a report made pursuant to this act if an investigation by
the child protective service determines that substantial evidence of

had been implicated in an "indicated report" of sexual abuse involving C.R. filed by the OCYS. L.R., as subject of the report, requested the Secretary of DPW, in accordance with Section 15(d) of the Law, 11 P.S. §2215(d), to expunge the report on the grounds the report was inaccurate. *See J. H. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 369, 457 A.2d 1346 (1983). When the Secretary refused to expunge the report, L.R. requested a fair hearing at which L.R., B.R., his ex-wife who reported the suspected child abuse to the OCYS, and the OCYS caseworker appeared and testified.

The hearing officer, in her adjudication issued subsequent to the hearing, recited the contentions of each party. L.R. argued that there was no support for the indicated report except for the caseworker's hearsay testimony regarding C.R.'s response during doll therapy, employed by the caseworker in interviews with C.R. to determine whether a report should be filed. The hearing officer agreed stating that, because there was no corroborating first hand testimony or medical evidence to support the caseworker's conclusions, and because she found L.R.'s statements denying the accusations credible, she would recommend that L.R.'s appeal be sustained and that the report be expunged. The Office of Hearings and Appeals accepted the hearing officer's recommendation and OCYS has appealed.

On appeal OCYS argues that the hearing officer's determination that the caseworker's conclusion is unsupported due to the lack of corroborating eyewitness accounts or medical reports is erroneous and contrary to the intent of the Act. Pointing to Section 2203 which

---

the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare."

defines "indicated report," OCYS argues that the Law intends that a caseworker's investigation may stand on its own as substantial evidence of sexual abuse without corroborating evidence in the form of eyewitness accounts or medical reports.

OCYS is correct that, for the Child Protective Service, their investigation may, by itself, constitute substantial evidence of the alleged abuse for purposes of filing the indicated report initially. Under subsection (d) of Section 15 of the Law, 11 P.S. §2215(d), however, the Child Protective Service, on appeal from a refusal to expunge the report, has the burden of establishing that the report is accurate. *Ms. C and Dauphin County Social Services for Children and Youth v. Commonwealth of Pennsylvania, Department of Public Welfare,* 100 Pa. Commonwealth Ct. 603, 515 A.2d 339 (1986). The Office of Hearings and Appeals, as the fact finding agency, assesses the weight and credibility of the record evidence and may reject the testimony of one party in favor of the testimony of the opposing party.

Our function then when the burdened party does not prevail before an administrative agency is to review the agency's decision to determine whether constitutional rights were violated, an error of law committed, or evidence capriciously disregarded. *Milbourne v. Pennsylvania Crime Victim's Compensation Board,* 82 Pa. Commonwealth Ct. 259, 475 A.2d 899 (1984).

The caseworker's testimony relating what C.R. said to her during her interviews with C.R., to which L.R. objected, was hearsay rendering that testimony, under the general rule,[4] incompetent to support any finding of

---

[4] Although Section 505 of the Administrative Agency Law, 2 Pa. C. S. §505, indicates that Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings, and that all relevant evidence of reasonably probative value may be re-

fact which the hearing officer might make. That fact brings to the foreground the most basic issue implicit in this appeal: since sexual abuse is not likely to have eyewitnesses, must the Child Protective Service, in the absence of an admission or medical testimony confirming the suspicion, insist that the alleged victim appear and testify at the expungement hearing, no matter his or her age, or risk losing the appeal upon assessment of the respective competency of the opposing parties' evidence? Of course in certain circumstances there is the possibility of *in camera* questioning.[5] In this case, however, the OCYS was without a choice in offering hearsay testimony since a three-year-old child is not really able to verbalize complaints about possible sexual abuse, let alone respond to direct and cross-examination.

---

ceived, it has been the general consensus that hearsay evidence properly objected to, is not competent to support a finding in an administrative hearing and that hearsay admitted without objection may support a finding only if corroborated by competent evidence in the record. *Burks v. Commonwealth of Pennsylvania, Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979). Citing the above-referenced section of the Administrative Agency Law, however, this court in *Lucas v. Commonwealth of Pennsylvania, Department of Environmental Resources*, 53 Pa. Commonwealth Ct. 598, 420 A.2d 1 (1980) found no error of law in the hearing examiner for the Environmental Hearing Board ruling on hearsay evidence to decide whether a pollution abatement order was valid.

Strict application of the hearsay rule is necessary when property rights are at stake. At issue in this appeal, however, is whether certain records should be permitted to be maintained in the confidential central register established by the Child Protective Service Law which has as its purpose the prevention of psychological and physical injury to children as a result of abuse. While we do not decide this issue at this time, we question whether the Legislature intended that the hearsay rule should be strictly applied in hearings to decide expungement questions since it is not a property right which is at stake but rather the welfare of the children of this state.

[5] *See Cruz v. Commonwealth of Pennsylvania, Department of Public Welfare*, 80 Pa. Commonwealth Ct. 360, 472 A.2d 725 (1984)

Not all of the caseworker's testimony was hearsay, however. The caseworker's testimony regarding C.R.'s physical response to questions asked her by the caseworker was not hearsay since it was simply the child's actions and not her words that the caseworker was relating. Thus, the caseworker's testimony that when she asked C.R. to show her using the dolls what her father did that she did not like, C.R. took the hand of the father doll and, with it, touched the child doll's vaginal area, then flipped the child doll over and, using the father doll's hand, touched the child doll's buttocks, was not hearsay. Nor was the mother's testimony that during the time of the alleged on-going sexual abuse, C.R. was having nightmares, and that C.R.'s vaginal area was red and inflamed, hearsay testimony.

We acknowledge the obvious hostility between the parents of C.R. and the possibility for abuse of the system established by the Child Protective Service Law that that hostility engenders. We acknowledge also the difficulty presented where a three-year-old child is concerned in determining the exact context in which the allegedly offensive contact between C.R. and her father occurred. L.R. admits on the record that he touched C.R.'s vaginal area and buttocks but only while bathing her. Thus, although DPW need not credit the above testimony of the caseworker and C.R.'s mother, it must at least consider it as part of the competent evidence of record when issuing an adjudication. Therefore, we will remand the matter to the Office of Hearings and Appeals to allow it to reconsider its prior decision.

in which this Court rejected the argument of the appellant, who lost his bid for expungement of an indicated report of child abuse before the Office of Hearings and Appeals, that his constitutional right to due process of law was abridged by virtue of the *in camera* questioning of the abused child and her brother.

ORDER

AND NOW, this 24th day of October, 1986, the order of the Department of Public Welfare, Office of Hearings and Appeals, in the above-captioned matter, issued December 10, 1984, is hereby vacated and this matter is remanded to that Office for proceedings consistent with this opinion. Jurisdiction relinquished.

Judge COLINS dissents.

Judge PALLADINO did not participate in this case.