.544 A.2d 101

Children & Youth Services Division, Department of Human Services, County of Northampton, Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and J. K., Respondents.

Argued September 15, 1987, before Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Augustine C. Concilio*, with him, *Jack A. Panella*, Assistant County Solicitor, for petitioner.

*Ruth O'Brien*, Assistant Counsel, for respondent, Department of Public Welfare.

OPINION BY SENIOR JUDGE NARICK, July 14, 1988:

Northampton County Children and Youth Services (CCYS) has appealed from an order of the Department

of Public Welfare (DPW) adopting a hearing examiner's recommendation to expunge the indicated report of sexual abuse by J.K. maintained under the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.[1]

On Sunday, June 3, 1984, A.K., a child almost four years old, returned from a weekend visitation with her father, J.K. That evening, as A.K.'s mother, M.K., was bathing her, she observed redness and swelling in the child's vaginal area. Upon inquiry as to the source of the redness, the mother testified that the child stated: "Daddy stuck a stick in my heiney." On Wednesday, June 6, M.K. took A.K. to a physician to be examined. The doctor noted red striations of approximately one inch in depth in a clockwise position around the inside of the child's vagina. He stated that this could have resulted from the introduction of any number of foreign objects, including a finger or other instrument. Some seven and one-half months later, A.K. was examined by a psychologist who, following a play therapy session, opined that the child had been sexually abused by her father.

The hearing examiner received testimony from A.K.'s parents, paternal grandparents and babysitter. The caseworker who investigated the indicated report testified as well, along with the physician and the psychologist who had examined A.K. On the basis of the evidence presented at the hearing, the hearing examin-

---

[1] Section 3 of the Law, 11 P.S. §2203, defines "indicated report" as:

a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.

er concluded that, while the medical evidence was strongly suggestive of abuse, the only evidence identifying J.K. as the perpetrator was in the form of hearsay testimony. Accordingly, the hearing officer recommended expungement of the indicated report.

On a hearing to establish the accuracy of an indicated report of child abuse, the local agency has the burden of establishing that the report is accurate. *Children and Youth Services Division v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 616, 520 A.2d 1246 (1987). Thus, if the agency fails to establish that the report is accurate, the request for expungement will be granted. Our scope of review in an appeal from an order of an administrative agency is limited to a determination of whether constitutional rights have been violated, an error of law committed, or whether necessary factual findings are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *G.S. v. Department of Public Welfare*, 104 Pa. Commonwealth Ct. 84, 521 A.2d 87 (1987). CCYS argues, apparently, that the hearing examiner committed an error of law in failing to consider the hearsay testimony in rendering her decision.

In *L.W.B. v. Sosnowski*, 117 Pa. Commonwealth Ct. 120, 543 A.2d 1241 (1988), this Court discussed the problems presented by the hearsay testimony of very young children in these expungement cases. Therein, we adopted a progressive solution which will allow hearing examiners to rely upon such testimony if they determine that the time, content, and circumstances of the hearsay declarations provide sufficient indicia of reliability. *Sosnowski* provides that it will be applicable to hearings conducted after July 13, 1988 (thirty days after the date of the order). In *Dauphin County Social Services for Children and Youth v. Department of Public Welfare*, 117 Pa. Commonwealth Ct. 305, 543 A.2d 607

(1988), we recently concluded that *Sosnowski* is inapplicable to hearings held before that date.

Accordingly, we must analyze the facts of this case under the general rule applicable to administrative proceedings, that hearsay evidence properly objected to is not competent to support a finding. *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979).

Here, A.K.'s mother, babysitter and the examining psychologist all testified that A.K. told them her father had put a stick in her "heiney." The CCYS caseworker testified that she asked A.K. during a play session using anatomically-correct dolls whether her father had ever touched her on her vagina. A.K. said no. At a subsequent session at M.K.'s house, however, the caseworker related that, as she was playing with A.K. and asking her questions, A.K.'s younger sister suddenly stated, "Daddy stuck a stick up [A.K.]'s peepee." The caseworker asked the sister if she had seen this happen, and stated that A.K. herself replied, "No, she didn't. She was sleeping." This testimony was obviously hearsay and was consistently objected to by J.K.'s counsel.

The remaining testimony was inconclusive as far as implicating J.K. as the perpetrator of abuse. The medical testimony presented was, and the hearing examiner found, suggestive of abuse, but the doctor could not identify the source of the child's injury, and A.K. would not respond when he attempted to question her. The hearing examiner, in seeming anticipation of *Sosnowski,* afforded little weight to the psychological testimony because the child was examined so long after the occurrence of the alleged incident. Further, both paternal grandparents testified that they had seen the child insert objects into her vagina, including her fingers, a wooden spoon and a hanger.

On this record, we are unable to conclude that the hearing examiner erred in her conclusion that the evidence presented did not support a finding that A.K. was sexually abused by J.K. Accordingly, we will affirm the order of the DPW, Office of Hearings and Appeals, which adopted the hearing examiner's recommendation of expungement.

ORDER

AND NOW, this 14th day of July, 1988, the order of the Department of Public Welfare, Office of Hearings and Appeals, in the above-captioned matter, is affirmed.