550 A.2d 269

Lehigh County Office of Children and Youth Services, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 16, 1988, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Catharine M. Roseberry,* Assistant County Solicitor, for petitioner.

*Myra Werrin Sacks,* Assistant Counsel, for respondent.

*W. Thomas Anthony, Jr.,* for Intervenor, L.R., III.

OPINION BY SENIOR JUDGE BARBIERI, November 10, 1988:

Lehigh County Office of Children and Youth Services (OCYS) appeals an order of the Pennsylvania Department of Public Welfare's (DPW) Office of Hearings and Appeals, adopting the recommendation of its hearing officer that an indicated report of child abuse naming L.R., III as the perpetrator be expunged pursuant to Section 15(d) of the Child Protective Services Law (Law).[1]

On January 3, 1984, OCYS filed an indicated report[2] of sexual abuse against L.R., III after investigating an allegation that he had sexually abused his daughter, C.R. At the time of the alleged abuse L.R., III and C.R.'s mother, B.R. were separated. C.R. resided with her mother, and along with her older sister M.R., had three overnight visitations with L.R., III between April and June of 1983. At that time C.R. was 2½ years old. The alleged sexual abuse occurred during these visits but was not reported until November of 1983. There was no medical evidence of abuse and the indicated report was based solely on the OCYS caseworker's investigation.

In accordance with Section 15(d) of the Law, L.R., III petitioned the Secretary of DPW to expunge the indicated report on the grounds that it was inaccurate.

---

[1] Act of November 26, 1975, P.L. 438, *as amended*, 11 P.S. §2215(d).

[2] "Indicated report" is defined in Section 3 of the Law, 11 P.S. §2203, as follows:

> . . . a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.

This petition was denied and L.R., III then requested a hearing at which only the caseworker, B.R., and L.R., III appeared and testified.

The caseworker testified that during an interview with C.R. in November of 1983, the child stated that L.R., III touched her and that this touching hurt. C.R. wrinkled her nose when she related this to the caseworker. When asked to demonstrate the manner in which her father touched her on anatomically correct dolls, C.R. placed the father's doll's hand on the child doll's vaginal area and then flipped the child doll over and placed the father doll's hand on the child doll's buttocks. The caseworker testified further that C.R. told her the touching occurred in the bathroom but not in the shower.[3]

On cross-examination, the caseworker admitted that in close cases such as this, she would file an indicated report if the evidence was 51-49 against the alleged perpetrator. She further testified that at a conference in February of 1984, apparently concerning visitation, she informed Judge DAVISON of the Lehigh County Court of Common Pleas that she could not be certain something happened and that she felt visitation with L.R., III was still appropriate.

B.R. testified that C.R. had been having nighmares about a monster touching her pee pee and after one visit to L.R., III's residence in April, May or June of 1983, C.R. complained that her vaginal area hurt. B.R. testi-

---

[3] OCYS alleges that the alleged sexual touching took place in the shower. However, after referring to her notes on cross-examination, the caseworker testified that C.R. told her the touching did not occur in the shower but in the bathroom. Although C.R. told the caseworker that sometimes her clothes were on when this touching occurred, the caseworker admitted she did not follow up by attempting to distinguish this touching from routine wiping of C.R. after she used the toilet.

fied that upon examination it appeared reddened on the inside. The caseworker testified that B.R. evidenced hostility toward L.R., III and that this hostility was affecting M.R.

L.R., III denied ever sexually abusing C.R. He testified that he never touched C.R.'s vaginal or rectal area except when bathing her or wiping her after she used the toilet.

In a recommended adjudication dated December 5, 1984, the hearing officer found L.R., III's testimony to be credible and determined there was no first hand testimony to support the indicated report. She therefore concluded that there was no substantial evidence to support the indicated report and recommended that it be expunged. The hearing officer's recommended adjudication was adopted by DPW. OCYS appealed to this Court which remanded for the Office of Hearings and Appeals to re-evaluate portions of the testimony.[4]

No further evidence was taken and in a recommended decision on October 23, 1987, the hearing officer once again determined that the indicated report should be expunged as it was not supported by substantial evidence. In support of her decision, the hearing officer concluded that the caseworker's testimony as to both what C.R. told her as well as her description of C.R.'s actions during doll play constituted hearsay.[5] She noted

---

[4] See Lehigh County Office of Children and Youth Services v. Department of Public Welfare, 101 Pa. Commonwealth Ct. 491, 516 A.2d 1305 (1986), petition for allowance of appeal denied, 515 Pa. 625, 531 A.2d 432 (1987).

[5] Although the hearing officer did not make such a finding, B.R. also testified that C.R. told her that L.R., III "rubs her vaginal area and her hyney." Notes of Testimony from September 21, 1984 hearing (N.T.) at 44. This testimony was hearsay and objected to by counsel for L.R., III who had earlier raised a hearsay objection to "anything C. said to Mrs. R." N.T. at 40.

that according to the caseworker, C.R. was unable to set a time frame for the alleged touching. Further, the hearing officer held that the caseworker failed to distinguish between the alleged abusive touching and C.R.'s routine toilet needs and therefore non-abusive touching had not been ruled out. In an order dated December 1, 1987, DPW adopted the recommendation of the hearing officer. This appeal followed.

OCYS contends that DPW capriciously disregarded competent testimony and erred in concluding that the indicated report of child abuse was not supported by substantial evidence. Specifically, OCYS argues that the hearing officer capriciously disregarded the caseworker's testimony that the child stated that the touching occurred in the shower and her father was not washing her. OCYS maintains that this demonstrates that the caseworker made a distinction between abusive and non-abusive touching. Further, OCYS argues that the child's statements, facial expressions, and doll play along with B.R.'s testimony provided substantial evidence to support the indicated report.

A subject of a report may request the Secretary of DPW to expunge information contained in the State-wide central register if the information is inaccurate or is being maintained in a manner inconsistent with the Law. 11 P.S. §2215(d). OCYS maintains that an indicated report may only be expunged for inaccuracy if it is not supported by substantial evidence, since this is the threshold of proof required for a report to receive an "indicated" status. It thus contends that as there was substantial evidence to support the report, DPW erred in ordering it expunged for inaccuracy.

Our scope of review in an appeal from a DPW order granting expungement of an indicated report of child abuse requires that we determine whether *DPW's* adjudication comports with the applicable law or violates

constitutional rights or whether *its* findings are supported by substantial evidence. *Dauphin County Social Services for Children and Youth v. Department of Public Welfare,* 117 Pa. Commonwealth Ct. 305, 543 A.2d 607 (1988); *L.W.B. v. Sosnowski,* 117 Pa. Commonwealth Ct. 120, 543 A.2d 1241 (1988). Thus our review centers on the adjudication of DPW as the fact finding agency. *See G.S. v. Department of Public Welfare,* 104 Pa. Commonwealth Ct. 84, 521 A.2d 87 (1987).

We may not determine whether DPW capriciously disregarded the caseworker's testimony that the touching occurred in the shower but instead must decide whether the agency's findings are supported by substantial evidence. However, as previously noted, after consulting her notes, the caseworker testified that C.R. told her the touching did not occur in the shower but in the bathroom.

OCYS did not meet its burden of proof by way of competent non-hearsay testimony at the hearing before the hearing officer. Section 15(d) of the Law provides that at an expungement hearing, the burden of proving the accuracy of the indicated report is on the child protective service. The only witnesses to testify before the hearing officer were the caseworker and B.R. The caseworker's testimony as to C.R.'s verbal and physical responses[6] was hearsay as was B.R.'s testimony regarding what C.R. allegedly told her.

In the past, we have employed the "legal residuum" rule of *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), in determining whether hearsay is competent to support administrative findings of fact. Under *Walker,*

---

[6] In *L.W.B.,* we adopted the rule that an out-of-court non-verbal assertion constitutes hearsay and specifically overruled any indication to the contrary expressed in our earlier decision in this matter.

hearsay evidence may support a finding as long as it was not objected to and if it is corroborated by other competent evidence in the record. Properly objected to hearsay is not competent to support a finding of fact. *Burks v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979).

Recognizing the sensitive evidentiary problems presented in child abuse expungement proceedings, we recently adopted a different standard of admissibility for hearsay testimony in these types of cases. *L.W.B.* In *L.W.B.,* we held that 42 Pa. C. S. §5986,[7] will be applied to child abuse expungement cases. Under this provision, the hearsay statements of a child will be admissible where the hearing officer specifically finds that, "the time, content and circumstances" of the child's statements " 'provide sufficient indicia of reliability.' " *L.W.B.* at 134, 543 A.2d at 1247.

The progressive ruling in *L.W.B.* which might allow a hearing officer or an appeals court to consider the hearsay testimony in this case, is specifically limited to hearings conducted thirty days after the date of the June 13, 1988 order. *Dauphin County Social Services for Children and Youth.* As the hearing in this instance took place in 1984, we must analyze the evidence presented under the *Walker* residuum rule. *Children and*

---

[7] Added by Section 1 of the Act of February 21, 1986, P.L. 41. This provision reads as follows:

A statement made by a child describing acts and attempted acts of indecent conduct, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling, is admissible in evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if a court finds that the time, content and circumstances of this statement provide sufficient indicia of reliability.

*Youth Services Division, Department of Human Services, County of Northampton v. Department of Public Welfare and J.K.*, 117 Pa. Commonwealth Ct. 601, 544 A.2d 101 (1988).

A careful reading of the record reveals that counsel for L.R., III raised a continuing hearsay objection to the caseworker's testimony concerning both C.R.'s statements and actions during doll play as well as to any statements C.R. made to B.R.[8] Therefore, none of this testimony is competent evidence which could support a finding of fact. As the child herself did not testify, the hearing officer is left with B.R.'s testimony that C.R. was having nightmares and after visiting with L.R., III her vagina was reddened inside. Even if the hearing officer had not discredited B.R.'s testimony on the basis of her hostility toward L.R., III, these statements alone do not constitute substantial evidence which would support an indicated report of child abuse. Accordingly, we will affirm DPW's order adopting the recommendation of its hearing officer to sustain the appeal of L.R., III.

## ORDER

AND NOW, this 10th day of November, 1988, the order of the Department of Public Welfare, Office of Hearings and Appeals dated December 1, 1987, at File No. 21-84-31, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

Judge PALLADINO dissents.

---

[8] *See* N.T. at 11-12; 40.