521 A.2d 87

G. S., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 20, 1986, before Judges Craig, Doyle and Colins, sitting as a panel of three.

*John H. Chronister,* with him, *Harold N. Fitzkee, Jr.,* for petitioner.

*Sheryl Ann Dorney,* for respondent and intervenor.

Opinion by Judge Colins, February 18, 1987:

On August 21, 1984, York County Children & Youth Services issued an "indicated report" of child abuse, pursuant to the provisions of the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.[1] This report indicated that the petitioner, G. S., had sexually abused

---

[1] Section 3 of the Law, 11 P.S. §2203, defines "indicated report" as "a report made pursuant to this act if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare."

his minor daughter, C. S.[2] C. S. was eight (8) years old at the time of the last incident.

Pursuant to Section 14 of the Law, 11 P.S. §2214, it is the duty of the Department of Public Welfare (DPW) to maintain a Statewide central register consisting of founded[3] and indicated reports of child abuse. Upon issuance of the indicated report, G. S. requested the Secretary of DPW, in accordance with Section 15(d) of the Law, 11 P.S. §2215(d), to expunge the report from this central Statewide register on the grounds that it was inaccurate. Dr. Margaret Jean Sosnowski, a Deputy Secretary for DPW, of the Office of Children, Youth & Families, denied G. S.'s initial request for expungement, and specifically informed G. S. that he had the right to a hearing "before the Secretary of the Department of Public Welfare or his designee, the Office of Hearings and Appeals." A Director in the Office of Hearings and Appeals scheduled such a hearing at the request of G. S. and a hearing was held before an appointed Hearing Officer, at which time G. S., G. S.'s girlfriend, K. S., K. S.'s new husband, C. S., and various experts appeared and testified.

On November 25, 1985, the Hearing Officer issued a recommendation and adjudication, directing that the report be expunged. The Office of Hearings and Appeals, without further hearing, rejected the Hearing Officer's recommendation on December 11, 1985. G. S. requested reconsideration of this decision, which was denied, thus generating this appeal.

---

[2] The child protective service investigation report specifically states: "allegations are the perpetrator fondles the child's buttocks under her clothes: dries her unnecessarily long around genitals after bathing; according to child's statement until it produces pain."

[3] A "founded report" means a report made pursuant to the Law if there has been any judicial adjudication based on a finding that a child who is the subject of a report has been abused.

The first issue confronting the Court centers upon with whom the final factfinding authority rests in such matters—the Hearing Officer who conducts the hearing and observes the demeanor of the witnesses—or the Office of Hearings and Appeals, following a review of the printed record. We note that this appeal is one of several that this Court has recently heard dealing with the Child Protective Services Law. The factual scenarios of these cases are remarkably similar: the parents of the allegedly abused child are usually estranged or divorced; other spouses, or paramours have entered the picture, and there is generally a dispute as to child custody or visitation rights. The testimony presented by the parties is invariably in direct conflict.

In such matters, where credibility determinations are paramount, it would seem preferable that the final factfinding authority be vested in the Hearing Officer, who has actually heard the testimony of the witnesses. The Hearing Officer would then be able to use many of the traditional methods of evaluating testimony; the behavior of the witness on the witness stand, his or her demeanor while testifying, his or her manner of testifying, and whether he or she projects any bias which might color his or her testimony.

Despite the apparent logic of the foregoing scenario, the present law in this Commonwealth clearly vests the final factfinding authority in the Secretary of DPW, or his designee, the Office of Hearings and Appeals. Such a statutory scheme is not unusual in the Commonwealth. *See Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985); *Rehab Hospital Services Corp. v. Health Systems Agency of Southwestern Pennsylvania,* 82 Pa. Commonwealth Ct. 147, 475 A.2d 883 (1984).

Section 15(d) of the Law, 11 P.S. §2215(d), specifically provides:

At any time, a subject of a report may request the secretary to amend, seal or expunge information contained in the Statewide central register on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this act. . . . If the secretary refuses or does not act within a reasonable time, but in no event later than 30 days after receipt of such request, the subject shall have the right to a hearing before the secretary or the designated agent or [sic] the secretary to determine whether the summary in the Statewide central register or the contents of any report filed pursuant to section 6 should be amended, sealed or expunged on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this act. The appropriate child protective service shall be given notice of the hearing. The burden of proof in such hearings shall be on the appropriate child protective service. The department shall assist the child protective service as necessary. In such hearings, the fact that there was a court finding of child abuse shall be presumptive evidence that the report was substantiated. The secretary or the designated agent of the secretary is hereby authorized and empowered to make any appropriate order respecting the amendment or expungement of such records to make them accurate or consistent with the requirements of this act.

The Public Welfare Code further provides:

(c) If a subject or CPS [child protective services] files an appeal under §3490.105(a) (relating to request by subject of founded or indicated report for expunction amendment, or sealing of abuse report), the subject or CPS has a

right to a hearing before the Department's Office of Hearings and Appeals.

(d) Except as provided in subsection (e), hearings will be conducted under 2 Pa. C. S. §§501-508 and 701-704 (relating to the Administrative Agency Law) and 1 Pa. Code Part II (relating to rules of procedures).

(e) Hearings will be scheduled and final administrative action taken in accordance with the time limits specified in §275.4(b) and (e) (1), (3) and (5) (relating to appeal and fair hearing). 55 Pa. Code §3490.106.

When the words of a statute are clear, we cannot disregard them. Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921. The statute is clear in that the final authority for expungement rests in the Secretary of DPW or his designee, the Office of Hearings and Appeals. Thus, the Secretary, or the Office of Hearings and Appeals, may reject the recommendation of an appointed Hearing Officer.

Having determined that the Office of Hearings and Appeals is the final factfinder, this Court must affirm its adjudication unless it finds that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. On an appeal from a refusal to expunge a report, the Child Protective Service has the burden of establishing that the report is accurate by substantial evidence. *Lehigh County Office of Child & Youth Services v. Commonwealth of Pennsylvania, Department of Public Welfare,* 101 Pa. Commonwealth Ct. 491, 516 A.2d 1305 (1986). Evidence is substantial where it so preponderates in favor of a conclusion that it outweighs, in the

mind of the factfinder, any inconsistent evidence and reasonable inferences drawn therefrom. *Resnick v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 504, 427 A.2d 1289 (1981).

Sexual abuse is defined by the Law as "the obscene or pornographic photographing, filming or depiction of children for commercial purposes, or the rape, molestation, incest, prostitution, or other such forms of sexual exploitation of children under circumstances which indicate that the child's health and welfare is harmed or threatened thereby, as determined in accordance with regulations prescribed by the Secretary." Section 3 of the Law, 11 P.S. §2203. The Public Welfare Code specifically defines sexual abuse as "any of the following when committed on a child by a perpetrator: . . . (iii) sexual assault—sexual involvement, including the touching or exposing of sexual or other intimate parts of person, for the purpose of arousing or gratifying sexual desire in either the perpetrator or subject child." 55 Pa. Code §3490.4.

In this case, C. S. testified that her father had lain on a bed with her, and, while she was reading a story, placed his hands under her shorts on her bare buttocks. Further, she testified that her father insisted on bathing her, and that he "would rub real hard" on her "bottom." Accepting the child's testimony as credible, which the Office of Hearings and Appeals did, it is clear that such evidence is substantial to support a conclusion of sexual abuse. Accordingly, we affirm.

ORDER

AND NOW, February 18, 1987, the order of the Department of Public Welfare, Office of Hearings and Appeals, in the above-captioned matter is hereby affirmed.