533 A.2d 826

Norma Jean Gomez, d/b/a Kiddie Kollege, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Office of Children, Youth and Families, Respondent.

Argued October 5, 1987, before Judges Craig, Doyle and Barry, sitting as a panel of three.

*Dennis J. Miller,* with him, *Kevin G. Sasinoski, Miller & Templin,* for petitioner.

*Jeffrey P. Schmoyer,* Assistant Counsel, for respondent.

Opinion by Judge Craig, November 23, 1987:

Norma Jean Gomez appeals a decision of the Department of Public Welfare to rescind her Family Day Care Home Certificate because there was an indicated report of child abuse on file naming Gomez as the perpetrator of abuse. After a hearing on the department's rescission, the Director of the Office of Hearings and Appeals adopted the hearing officer's recommendation and denied the appeal. We affirm.

This court must determine whether the Hearing Officer's adjudication as adopted by the Office of Hearings and Appeals was made in accordance with the law and without violation of appellant's constitutional rights and whether the findings are supported by substantial evidence. *Children and Youth Services v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 616, 520 A.2d 1246 (1987).

The specific legal issue is whether an indicated report of child abuse, and the record underlying it, provides a sufficient basis for rescission of such a child care certificate when the holder has been acquitted of criminal charges arising out of the same circumstances.

The hearing officer's findings of facts are as follows: The Office of Children, Youth and Families issued a registration certificate to operate a family day care home to the appellant on July 16, 1982. On May 21, 1984, the appellant began caring for R. A., a baby girl. On August 29, 1984, while R. A. was in appellant's care, she suffered an injury. The appellant called paramedics, who rushed R. A. to Children's Hospital in Pittsburgh. R. A. was admitted to Children's Hospital on August 29, 1984, and was discharged on August 31 with a diagnosis of traumatic encephalopathy, a physical trauma to the brain.

On October 12, 1984, the Allegheny County Police arrested the appellant on a charge of endangering the welfare of a child. The trial court, sitting without a jury, acquitted the appellant of the charge on March 27, 1985.

On an unestablished date, the Allegheny County Child and Youth Agency filed an indicated report of child abuse regarding the August 29, 1984 incident with R. A., naming the appellant as the perpetrator. The appellant's request to expunge the record of the indicated report was denied, and there was no appeal of that denial.

On October 26, 1984, a licensing representative with the Department attempted to make a personal visit to the appellant's family day care home to retrieve her certificate, which the department had decided to rescind. The appellant did not answer the door; however, she did answer when the representative telephoned her from a nearby pay phone. The appellant did not allow the representative to come to her home to pick up the certificate, stating that she wished to speak to her attorney first.

By written notice dated March 26, 1985, the Office of Children, Youth and Families informed the appellant that it was revoking her registration certificate to operate a family day care home, effective immediately.

The department rescinded the appellant's certificate on the determination that she had violated department regulations. Section 1079(b) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, added by section 2 of the Act of December 5, 1960, P.L. 1112, 62 P.S. §1079(b), provides, in relevant part:

(b) The department shall refuse to issue or renew a registration certificate or shall revoke a registration certificate for any of the following reasons:

(1) Non-compliance with department regulations.

. . . .

(5) Mistreating or abusing children cared for in the facility.

The department's regulations concerning family day care centers define child abuse as:

[W]hen a child exhibits evidence of serious physical or mental injury, not explained by the available medical history as being accidental.

Title 55, Chapter II, §2-8C-11, 11 Pa. B. 2055 (1981).

The department's regulations further provide that no care giver shall have been convicted of a crime involving child abuse or child neglect, and that indicated and founded reports of child abuse in which the care giver is named as perpetrator shall be considered in determining suitability of the care giver and family day care home. Title 55, Chapter II, §2-8C-33, 11 Pa. B. 2056 (1981).

The hearing officer concluded that, at the time of the certificate revocation, an indicated report of child abuse, naming appellant as the perpetrator was on file; that the report involved a five-month old child for whom the appellant was caring; and that the department's decision to revoke the appellant's certificate was correct and in accord with the applicable law and regulations. We agree.

Our review of the record reveals substantial evidence to support the indicated report of child abuse. Section 2203 of the Child Protective Services Law, Act of November 26, 1975, P.L. 438, No. 124, *as amended,* 11 P.S. §2203, provides for such a report when:

[A]n investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective service investigation, or (iii) an admission of the acts of abuse by the child's parent or person responsible for the child's welfare.

The indicated report of child abuse remains filed in the statewide central register. The conclusions in this report support the department's determination that the appellant violated section 1079(b)(5), mistreating or abusing children in the facility.

Additionally, medical testimony in the record also supports the department's determination. Physical examination of R. A., when she was at the hospital, re-

vealed extensive retinal hemorrhaging, caused by a tearing of the blood vessels from the back of the retina. Dr. Beverly Brozanski, R. A.'s physician, testified at the appellant's criminal trial that the injuries were, within a reasonable degree of medical certainty, caused by a severe shaking. Although the appellant denies having shaken the baby, stating instead that she fell down some stairs while carrying the child, her testimony was contradicted by medical evidence. Dr. Ira Bergman, a pediatric neurologist, testified that R. A.'s injuries could not have been caused by the type of fall described by the appellant, because the type of fall which might have produced R. A.'s injuries would have also caused other injuries which were absent in this case.

On appeal, the appellant contends that her acquittal on criminal charges established that the injury to R. A. was accidental and not the result of abuse. However, the trial court acquitted the appellant because the Commonwealth had not met its burden of proof, which, in a criminal trial, involves a greater burden, requiring proof beyond a reasonable doubt. The indicated report of child abuse, and the department's determination that the appellant's certificate should be rescinded, were actions separate from the appellant's criminal proceedings. The propriety of such administrative actions depends on whether they were supported by substantial evidence, described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Murphy v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984). Our review of the record indicates that the findings were adequately supported.

The appellant also claims that the hearing officer ignored the testimony of Dr. Karl Williams, a pathologist with the Allegheny County Coroner's Office, who testified at the criminal trial that he could not, within a rea-

sonable degree of medical certainty, state the specific cause of R. A.'s injury. As fact finder, the hearing officer's role was to assess the credibility of each witness and to give whatever weight she determined appropriate to their testimony. *Pennsylvania Game Commission v. Department of Environmental Resources,* 97 Pa. Commonwealth Ct. 78, 509 A.2d 877 (1986). Nothing in the record indicates that the hearing officer abused her discretion in this case.

Accordingly, the order of the department rescinding the appellant's family day care home registration certificate is affirmed.

ORDER

Now, November 23, 1987, the order of the Department of Public Welfare, Office of Hearings and Appeals, dated July 3, 1986, is affirmed.