550 A.2d 604

Luzerne County Children and Youth Services, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 16, 1988, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony J. Lumbis,* for petitioner.

*Ruth O'Brien,* Assistant Counsel, for respondent.

*Charles D. McCormick, O'Connor, McCormick & MacDonald,* for intervenor, C. H.

OPINION BY JUDGE PALLADINO, November 18, 1988:

Luzerne County Children and Youth Services (CYS) appeals an order of the Office of Hearings and Appeals of the Department of Public Welfare (DPW) adopting the recommendation of a hearing officer to expunge an indicated report of child abuse. We affirm.

On April 30, 1986, an oral report of suspected child abuse was filed with CYS, naming C.H. as the perpetrator of serious mental injury against her stepson, T.H., who was approximately eight years old at the time. After conducting an investigation, CYS determined that the report was "indicated" under section 3 of the Child Protective Services Law (Law), Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §2203.[1] C.H. requested to have the report expunged under section 15(d) of the Law, 11 P.S. §2215(d). This request was initially denied by DPW by letter dated January 7, 1987. C.H. then requested a hearing before DPW's Office of Hearings and Appeals.

The hearing officer determined that there was insufficient evidence that C.H. had engaged in any acts or omissions which caused the alleged serious mental injury. Accordingly, the hearing officer recommended that the report be expunged. DPW adopted that recommendation and directed expungement by order dated November 16, 1987.

On appeal to this court, CYS contends that the hearing officer's determination was not supported by substantial evidence, arguing that, under the Law, only the testimony of a physician or licensed psychologist is considered competent evidence, regardless of which party bears the burden of proof. CYS asserts that because only its evidence met this standard, such evidence was binding upon the hearing officer. CYS also argues that

---

[1] Section 3 provides in pertinent part:
'Indicated report' means a report made pursuant to this act if an investigation determines that substantial evidence of the alleged abuse exists based on (i) available medical evidence, (ii) the child protective services investigation or (iii) an admission of acts of abuse by the child's parent or person responsible for the child's welfare.
11 P.S. §2203.

the hearing officer abused his discretion by permitting, over CYS' objection, certain testimony by a clinical social worker who testified on behalf of C.H. Finally, CYS asserts that the hearing officer erred in refusing to dismiss the expungement action on the ground that the Court of Common Pleas of Luzerne County (common pleas court) had assumed jurisdiction over the issue of custody of T.H.[2]

Our scope of review is limited to a determination of whether errors of law were committed, constitutional rights were violated, or whether DPW's findings of fact are supported by substantial evidence. *Gomez v. Department of Public Welfare*, 111 Pa. Commonwealth Ct. 234, 533 A.2d 826 (1987).

## JURISDICTION

CYS asserts that the hearing officer should have dismissed the expungement proceeding because the common pleas court had assumed jurisdiction over the issue of the custody of T.H. The common pleas court's custody order resulted from a stipulation of the parties and from a pre-trial conference before a master in custody and visitation, who recommended the transfer of custody. The parties agreed that the transfer was not to be construed as an admission of wrongdoing by Mr. H. or his family members. Exhibit C-1.

Section 15(d) of the Law provides that a subject of a child abuse report may request the secretary of DPW to amend, seal, or expunge information contained in the statewide central register of child abuse on the ground that such information is inaccurate or is being maintained in a manner inconsistent with the Law. 11 P.S.

---

[2] By order dated July 3, 1986, the common pleas court ordered that custody of T.H. be transferred from Mr. H., T.H.'s natural father, to K.A.F., T.H.'s natural mother.

§2215(d). This section also provides that a court finding of child abuse shall be presumptive evidence that the report was substantiated. *Id.* Thus, these provisions make clear that DPW is solely responsible for granting or denying expungement *even if* a court has also made a finding of abuse. Therefore, we conclude that the hearing officer properly refused to dismiss the expungement proceedings in this case.

## SUBSTANTIAL EVIDENCE

CYS contends that the hearing officer's decision is not supported by substantial evidence, arguing that it alone presented expert testimony by a psychiatrist as required under the Law and that this testimony is binding on the hearing officer. CYS misconstrues the provisions of the Law. On an appeal from a refusal to expunge a report of child abuse, the child protective service has the burden of establishing that the report is accurate. *G.S. v. Department of Public Welfare*, 104 Pa. Commonwealth Ct. 84, 521 A.2d 87 (1987); *Children and Youth Services v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 616, 520 A.2d 1246 (1987). Under section 3 of the Law, "child abuse" is defined as follows:

> [S]erious physical or mental injury which is not explained by the available medical history as being accidental, or sexual abuse or sexual exploitation, or serious physical neglect, of a child under 18 years of age, if the injury, abuse, or neglect has been caused by the acts or omissions or the child's parents or by a person responsible for the child's welfare. . . .

11 P.S. §2203. "Serious mental injury" is defined as follows:

> A psychological condition as diagnosed by a physician or licensed psychologist caused by the

acts or omissions—including the refusal of appropriate treatment—of the perpetrator which does one of the following:

    (i) Renders the child chronically and severely anxious, agitated, depressed, socially withdrawn, psychotic, or in reasonable fear that his life or safety is threatened.

    (ii) Seriously interferes with the child's ability to accomplish age appropriate developmental and social tasks.

55 Pa. Code §3490.4. These provisions set forth the elements which CYS must prove in order to establish that a child's serious mental injury constitutes "child abuse" under the Law.

In this case, T.H. was hospitalized by his natural father, Mr. H., for psychiatric treatment on March 31, 1986 as a result of his progressively worsening behavior[3] and the failure of previous counselling to improve his condition. T.H. was scheduled to be discharged on April 29, 1986, but because he attempted suicide, his discharge was postponed until May 19, 1986.

At the hearing before the hearing officer, CYS presented the testimony of T.H.'s treating psychiatrist, Dr. Anthony Denaro. Dr. Denaro testified that T.H. did not want to return home because he felt a strong aversion to C.H. Notes of Testimony at 60. Dr. Denaro also testified that this aversion arose out of C.H.'s attempts to impose greater discipline and supervision over T.H. than he was accustomed to before Mr. H.'s remarriage to C.H. N.T. at 60. The psychiatrist testified that T.H.,

---

[3] The testimony presented established that T.H.'s behavior problems included: swinging from a chandelier, putting sand into a gas tank, destruction of clothing, splashing paint around the house, spreading nails on the road, and lighting a fire under his younger sister's crib.

through his behavior, deliberately wanted to disrupt his father's new marriage so that either C.H. would leave the family or T.H. would be sent to live with his natural mother. N.T. at 61.

Although Dr. Denaro testified that, of the two, C.H. was more responsible for the breakdown in their relations, the witness did not state that C.H. caused serious mental injury to T.H. nor that C.H. causesd the child to attempt suicide. N.T. at 63. Finally, the psychiatrist testified that returning T.H. to the home of Mr. H. and C.H. would place T.H. at a risk of serious mental injury.

CYS also presented the testimony of Linda Goldner, T.H.'s individual and family therapist at the hospital. Ms. Goldner testified that the relationship between C.H. and T.H. was dysfunctional, that C.H. did not want to visit T.H. in the hospital,[4] and that Mr. H. and C.H. refused a pass to allow T.H. to visit at home prior to his discharge. N.T. at 49, 51-52. K.A.F., T.H.'s natural mother, testified that she has not experienced any behavioral problems with T.H. since he has come to live with her. N.T. at 113.

After careful review of the record in this case, we conclude that the hearing officer properly determined that CYS had not met its burden of proving that C.H. had engaged in any *acts or omissions which caused* serious mental injury to T.H. The evidence presented demonstrates *only* that T.H. had a strong aversion to C.H. based upon C.H.'s mere presence in the home and her attempts to impose more discipline and supervision upon T.H. Section 2 of the Law specifically states that the Law's provisions shall not be construed to restrict the generally recognized existing rights of parents to use reasonable supervision and control when raising

---

[4] C.H. testified on her own behalf that she visited T.H. three to four times in the hospital. N.T. at 161.

their children. 11 P.S. §2202. While we are aware that returning T.H. to the home of Mr. H. and C.H. may have placed T.H. at a risk of serious mental injury and further deterioration, this alone is not substantial evidence that C.H. was the perpetrator of child abuse against T.H.[5]

Accordingly, we affirm.

### ORDER

AND NOW, November 18, 1988, the order of the Department of Public Welfare in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[5] Because we conclude that CYS failed to meet its burden of proving that the indicated report of child abuse was accurate, we need not address CYS' allegations of error with respect to the testimony of the clinical social worker.