557 A.2d 801

J. S., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1989, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Harry R. Ruprecht, King, Ruprecht & McQuoid,* for petitioner.

*Kathleen Harrington,* for respondent.

*Laura J. Whiteman,* Assistant County Solicitor, with her, *James A. Esler,* Assistant County Solicitor, and *James J. Dodaro,* County Solicitor, for intervenor, Children and Youth Services of Allegheny County.

OPINION BY JUDGE CRAIG, April 14, 1989:

J.S. appeals a decision of the Office of Hearings and Appeals of the Department of Public Welfare (DPW) that rejected a hearing officer's recommendation to expunge an indicated report of child abuse maintained under the Child Protective Services Law[1] implicating J.S., the father of A.S. We affirm.

On March 27, 1987, Allegheny County Children and Youth Services (CYS), received a report of suspected sexual abuse alleging that J.S. had sexually abused A.S. After an extensive investigation that consisted of interviews with A.S., her mother, J.S., and a telephone conversation with A.S.'s counselor, CYS concluded that the open mouth kissing J.S. inflicted on A.S.'s face and neck constituted sexual assault. On May 1, 1987, CYS filed an indicated report of child abuse naming J.S. as the perpetrator. On July 2, 1987, the Office of Child Welfare Services denied J.S.'s request to expunge the record.

---

[1] Act of November 16, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.

After considering all of the evidence, hearing officer Strong made the following significant findings:

4. On numerous occasions between the times that she was ages four to eight, the appellant held the subject child down and kissed her on her face and neck with his mouth open. He did not use his tongue. (N.T. 38 and 95.)

5. The child does not allege that the appellant touched her breast or genital area. (N.T. 39 and 40.)

7. The subject child has had virtually no contact with the appellant outside of court since the appellant and the mother of the subject child were divorced in 1980. (N.T. 29.)

8. There is animosity between the appellant and his ex-wife.

As a result, the hearing officer concluded that "the events as described by [A.S.] do not constitute sexual assault as defined at 55 Pa. Code §3490.4. The subject child may not have liked her father holding her down and kissing her, but these acts do not constitute sexual assault."

The Office of Hearings and Appeals rejected the hearing officer's recommendation for the reason that J.S. lay with his body on top of A.S., thereby touching "sexual or other intimate parts" of her body.

On appeal, J.S. contends that evidence of a father kissing his daughter on the face and neck does not support a conclusion of sexual abuse.

Our court must affirm the adjudication of the Office of Hearings and Appeals unless the adjudication is in violation of constitutional rights, and error of law was committed, or any factual finding made by the agency and necessary to support the adjudication is not supported by

substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. In an expungement case, the child protective service has the burden of establishing that the report is supported by substantial evidence. *G.S. v. Commonwealth of Pennsylvania, Department of Public Welfare,* 104 Pa. Commonwealth Ct. 84, 521 A.2d 87 (1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Murphy v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1986).

Sexual abuse is defined by the Law as "the obscene or pornographic photographing, filming or depiction of children for commercial purposes, or the rape, molestation, incest, prostitution, or other such forms of sexual exploitation of children under circumstances which indicate that the child's health and welfare is harmed or threatened thereby, as determined in accordance with regulations prescribed by the Secretary." Section 3 of the Law, 11 P.S. §2203. The Public Welfare Code specifically defines sexual abuse as "any of the following when committed on a child by a perpetrator: ... (iii) sexual assault— sexual involvement, including the touching or exposing of sexual or other intimate parts of a person, for the purpose of arousing or gratifying sexual desire in either the perpetrator or subject child." 55 Pa. Code §3490.4.

On direct examination, A.S. testified:

Q. And what did you tell Family Resources that would have caused them to file a Childline report with Allegheny County Children and Youth Services?

. . .

A. Okay. And I guess you could say I had my first real kiss and I got a weird feeling inside and it bothered me for awhile and I told my mom about it; so she said maybe we should go see

someone to be sure that everything's okay. So I went in and they asked me what happened. So I told her that my father used to play these games with me, okay, and he would, from my head like around my neck area, he would kiss me, he would get on top of me and do this, and his mouth would be open and he, they weren't the types of kisses that were normal. At least they made me feel uncomfortable.

Speculation as to the nature and extent of bodily contact, considering height differences between J.S, an adult, and A.S., a child, is not for the court. The Office of Hearings and Appeals is the final factfinder. *G.S.*, 104 Pa. Commonwealth Ct. at 84, 521 A.2d at 87.

The decision of the Office of Hearings and Appeals is supported by substantial evidence.

Accordingly, we affirm.

## ORDER

Now, April, 14, 1989, the order of the Department of Public Welfare at No. 21-87-081, dated June 20, 1988, is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent on the basis that the *only* evidence in the record on which a finding of sexual assault could be found is that which the majority opinion recites (slip op. p. 4) by the "child," now fifteen years old, recounting experiences which occurred when she was a child of four to eight. That testimony, even if taken as absolutely true, simply does not, as a matter of law, support a finding of "sexual assault" defined as, "Sexual involvement, including the touching or exposing of sexual or other intimate parts of a person, for the purpose of arousing or gratifying sexual desire in either the perpetrator or subject child." 55 Pa. Code §3490.4.