571 A.2d 1093

**Deborah THORNTON, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided March 2, 1990.

16

Richard P. Weishaupt, with him, Sheldon V. Toubman and Sheila O. Zakre, Philadelphia, for petitioner.

P. Amber Jones, Asst. Counsel, Allentown, for respondent.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Deborah Thornton appeals a final order of the Secretary of the Department of Public Welfare (DPW) which affirmed the decision of the Office for Hearings and Appeals (OHA) to deny her request to remove her minor child, Tammy, from the Aid to Families with Dependent Children (AFDC) assistance unit and to consider Tammy's Retirement, Survivor's and Disability Insurance (RSDI) Social Security benefits as income not available to the assistance unit for the purpose of determining eligibility for a monthly public assistance grant.

The facts of the case are as follows. Thornton was receiving AFDC cash and medical assistance for herself and five children when she requested the Philadelphia County Assistance Office (CAO) to remove Tammy from the AFDC assistance unit in June of 1986 because Tammy had begun to receive RSDI benefits. Thornton was named the representative payee for the RSDI benefits. The CAO responded by saying that Tammy was considered a mandatory grant group member of the AFDC assistance unit and that Tammy's RSDI benefits would be considered available income to the household for the purpose of determining need and the amount of monthly assistance. The CAO thus denied Thornton's request on the grounds that (1) Section 171.-21(b)(1)(i)(C) of the Pennsylvania Public Assistance Eligibility Manual (PAEM) (found at 55 Pa.Code 171.21(b)(1)(i)(C)) requires that any brother or sister of the children eligible for AFDC benefits must be included and that (2) Section 183.44(b) of the PAEM (formerly 55 Pa.Code § 183.44(b))

provides that RSDI benefits must be considered as income to the unit for calculating public assistance benefits.

Thornton appealed the CAO order and a fair hearing was held, but now the representative payee for Tammy's RSDI benefits was changed from Thornton to Keith Thornton, Tammy's uncle. The hearing officer denied Thornton's appeal on the basis that (1) Section 171.21(b)(1)(i)(C) requires Tammy to be included in the assistance unit and that (2) federal regulation, 45 CFR § 206.10 (1984) and Section 183.44(b)(5)[1] of the PAEM exclude from determining public assistance benefits, only that portion of RSDI benefits that is not actually made available for the support of the child. Since no evidence was presented that her uncle, the representative payee, refused to make available all or part of the benefits for Tammy's support, the hearing officer concluded that the RSDI benefits must be included in the amount of available income for purposes of determining eligibility for public assistance benefits for Thornton's household. In her final administrative action order, the Director of OHA affirmed the hearing officer's decision. Thornton made a request for reconsideration of that order. The Secretary of DPW granted the Request for Reconsideration but denied her relief on the merits by his final order.[2] Thornton now timely appeals to this Court.

Thornton contends that the money Tammy receives in RSDI benefits is "in-kind income," that it is not made available to Thornton's household by the representative payee, Tammy's uncle, who lives outside the household, and

---

1. Formerly 55 Pa.Code 183.44(b)(5). On September 1, 1988 when the hearing was held, this citation was correct. However, § 183.44(b)(5) was renumbered as of November 1, 1988 and is now found at 55 Pa.Code § 183.34(d)(2). See 18 Pa.B. 3921.

2. DPW, on page 3 of its brief, points out that the Secretary of DPW granted Thornton's Request for Reconsideration in an order dated December 13, 1988 and that the Secretary then issued an Order on January 30, 1989 stating that the Request for Reconsideration was denied. The Secretary was incorrect in stating that the Request for Reconsideration was denied in the latter Order. What the Secretary did, in essence, was grant the Request for Reconsideration by virtue of the December 13 Order and by his January 30 Order, affirm the decision of the OHA which denied Thornton's appeal on the merits.

as such, it should not be considered in DPW's determination of eligibility for public assistance for her household.

DPW, on the other hand, contends that the RSDI benefits are used to pay bills and purchase goods and services for Thornton's household, as well as for Tammy and that Section 2640(a) of the Deficit Reduction Act of 1984 (DEFRA), codified at 42 U.S.C. § 602(a)(38) (1984), changed prior law to include all related children who live in the same household and that DEFRA now mandates that benefits for children under Title II of the Social Security Act, 42 U.S.C. §§ 401–433, such as RSDI benefits, be considered in determining eligibility for AFDC benefits. We agree.

In *Showers v. Cohen,* 645 F.Supp. 217 (M.D.Pa.1986), the issue, *inter alia,* presented was whether Title II benefits for children are included in determining AFDC eligibility of their siblings and other household members, thereby reducing or terminating AFDC benefits for the siblings and other household members. The court held that pursuant to the amendment to the AFDC program at Section 2640(a) of DEFRA and codified at 42 U.S.C. § 602(a)(38), as well as pursuant to the Secretary's final regulation at 45 C.F.R. § 206.10(a)(1)(vii)(B), all income of siblings and half-siblings residing in the same household as AFDC recipients is to be considered available income to the entire household when state agencies determine eligibility for AFDC benefits.

Thornton does not dispute that the RSDI benefits *actually received* by herself, the AFDC custodial parent, on behalf of the child beneficiary, are considered income available for the entire household; however, Thornton contends that only the income that *is* actually available to the AFDC custodial parent may be considered where the representative payee resides outside the AFDC assistance unit.

Thornton argues that the DPW regulation at Section 183.34(d)(2) requires that the RSDI benefits not actually received be excluded. Section 183.34(d)(2) provides:

> (d) Income of a child is not counted in determining need and the amount of the monthly assistance payment if the income is one of the following:
>
> . . . .
>
> (2) Retirement, Survivor's and Disability Insurance (RSDI) benefits paid to a representative payee who does not live in the same household as the child and which the representative payee does not actually make available for the support of the child.

She argues that the representative payee does not make all of the benefits available to Tammy. The representative payee's declaration in the record, however, shows that the representative payee gave Tammy clothes and other necessary items such as shoes and school supplies. He also included in his declaration that he used the money to pay the electric and gas bill of the AFDC household and to give Tammy spending money. No evidence was presented that the representative payee refuses to make the RSDI benefits available to Tammy. Therefore, DPW based its decision on substantial evidence that the RSDI benefits were made available to Tammy and those benefits should be considered by DPW pursuant to Section 183.34(d)(2).

■ Thornton also claims that the RSDI benefits are "income in-kind" and as such, are exempt from consideration under 55 Pa.Code § 183.81(11) which provides in pertinent part:

**Income Exemptions**

> The following income is not considered in determining the amount of the monthly assistance payment:
>
> . . . .
>
> (11) *Donations from individuals.*
>
> In-kind goods or services provided by an individual to a client.

We disagree with Thornton that RSDI benefits are "income-in-kind." The definition of income-in-kind is found in 55 Pa.Code § 183.23 which provides in pertinent part that income-in-kind "is shelter received in return for services

rendered and is counted as earned income." The RSDI benefits clearly are not "shelter received in return for services rendered" and simply are not "income-in-kind."

Thornton further argues that the RSDI benefits are exempt from consideration under Section 432.12(a) of the Public Welfare Code (Code)[3] which provides in pertinent part:

In determining need for aid to families with dependent children, the income of all members of the assistance unit who are fourteen years of age or older shall be considered except the *income of a member of the assistance unit who is between the ages of fourteen and twenty-one, is a full or part-time student, and is not employed full time.* In determining eligibility, a part of the income may be excluded if attributable to the earning of income. (Emphasis added.)

We agree with DPW that the word "income" as used in Section 432.12(a) of the Code refers to "earned income" and thus would not include RSDI benefits. The use of the word "income" in Section 432.12(a) is based directly on the federal requirement in 42 U.S.C. § 602(a)(8)(A)(i) which states:

**State plans for aid and services to needy families with children. . . .**

**(a) Contents.** A state plan for aid and services to needy families with children must—

. . . .

(8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the state agency—

(i) Shall disregard all of the *earned income* of each dependent child receiving aid to families with dependent children who is (as determined by the state in accordance with standards prescribed by the Secretary) a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a

**3.** Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 432.12. Section 432.12(a) was added by Section 5 of the Act of July 15, 1976, P.L. 993.

course of vocational or technical training designed to fit him for gainful employment. (Emphasis added.)

The above federal regulation excludes only *earned income* from a dependent child under certain restrictions. Earned income is defined in 55 Pa.Code § 183.2 as "[c]ash or income-in-kind received by the client in return for services rendered." Clearly, the RSDI benefits are neither income-in-kind nor cash received in return for services. Therefore, the RSDI benefits are not earned income and are not monies that should be disregarded in determining AFDC eligibility.

Having thus determined that the Secretary of DPW based his decision on substantial evidence and that RSDI benefits are not to be excluded from DPW's determination of eligibility for AFDC benefits where there is no evidence that the representative payee has not made all of the RSDI benefits available to the RSDI beneficiary, we affirm.

### ORDER

NOW, March 2, 1990, the Order of the Secretary of the Department of Public Welfare in the above-captioned matter is hereby affirmed.