**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellee.**

Supreme Court of Pennsylvania.

Argued March 5, 1991.

Decided Sept. 23, 1991.

Harry R. Ruprecht, King, Ruprecht & McQuoid, Pittsburgh, Pa., for appellant.

Kathleen Harrington, Ruth O'Brien, Dept. of Public Welfare, Harrisburg, Pa., Carla Hobson, James J. Dodaro, James A. Esler, Allegheny County Law Dept., Pittsburgh, Pa., Ernest D. Preate, Jr., Atty. Gen., Harrisburg, Pa., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

In this appeal, we are asked to review the Order of the Commonwealth Court affirming the determination of the Office of Hearings and Appeals of the Department of Public Welfare (OHA) 125 Pa.Cmwlth. 168, 557 A.2d 801 which rejected the hearing officer's recommendation to expunge an indicated report of child abuse maintained under the Child Protective Services Law, 11 P.S. § 2201 et seq., implicating the Appellant, the adoptive father of A.S. Because we hold that the indicated abuse report is not supported by substantial evidence, we reverse.

A.S. was born on June 14, 1971. The child's mother, K.B., divorced the child's natural father and married the Appellant on June 30, 1975. Thereafter, on December 26, 1976, the Appellant adopted A.S. Marital discord then occurred, resulting in J.S. and K.B. being divorced in August of 1980.

The initial allegation of child abuse was made during a trial on child visitation rights held on February 18, 1981. At that time, the child's maternal grandmother stated that although she never witnessed any incidents of abuse, she knew that incidents occurred because she was clairvoyant. Hearing this statement, the trial judge interviewed the child along with counsel in chambers. During that in-chambers

interrogation, the child never mentioned anything about any incidents of sexual abuse.

Since that hearing, Pittsburgh Action Against Rape (PAAR) has also investigated the allegation of sexual abuse, including hypnotizing the child. As a result of its investigation, PAAR made no report to the Allegheny County Children and Youth Services Department (CYS) or to the Allegheny County District Attorney's Office. Furthermore, a court-ordered child psychologist also reported after an investigation that no sexual abuse occurred. Finally, the Appellant requested that the Allegheny County Detectives' Office administer a lie detector test with regard to the allegations of sexual abuse of A.S., which Appellant passed.[1]

A complaint was then made to CYS which in turn conducted its own investigation consisting of interviews with the child, her counselor, her mother, and the Appellant. Based upon its investigation, CYS concluded that the alleged incidents of sexual abuse were supported by substantial evidence and issued an indicated report of child abuse. Appellant then filed an appeal to the Department of Public Welfare requesting that the report be expunged. The Secretary of the Department granted Appellant's request for a hearing which was conducted by the Office of Hearings and Appeals on January 11, 1988.

At the hearing before OHA, the child testified that the Appellant would kiss her on the face and neck and that sometimes this kissing occurred while Appellant's body was on top of hers. Although sometimes Appellant was on top of the child when kissing, the child testified that there was no touching of the genital or breast areas. The child also testified that the Appellant did not touch her sexually with his hands. Finally, this alleged abuse occurred while the child was between the ages of four and eight years old, yet

---

**1.** Although we have held that polygraph results are inadmissible, see *Commonwealth v. Chester*, 526 Pa. 578, 587 A.2d 1367 (1991), in this instance, the results were admitted without objection. R. 37a–38a.

she did not complain about these alleged incidents until she was almost sixteen years old.

Contrary to the child's characterization of the underlying incidents, the Appellant testified that the incidents did occur but were a playful exchange that normally can be expected between a father and a child of that age. He further testified that at no time did he sexually abuse his daughter.

After taking testimony, the hearing officer concluded that CYS failed to meet its burden of proving the accuracy of its indicated report by substantial evidence and recommended that Appellant's request for expungement be granted. Subsequently, the Director of OHA reversed the hearing officer's findings and recommendation, overruled the recommendation, and dismissed Appellant's request for expungement. As indicated, on appeal Commonwealth Court affirmed.

When reviewing a determination of a Commonwealth agency, our scope of review is limited. We must affirm the agency's adjudication unless that determination violates the constitutional rights of the accused, is contrary to the law or agency procedures, or is not supported by substantial evidence. *Miceli v. Unemp. Comp. Bd. of Review*, 519 Pa. 515, 549 A.2d 113 (1988). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peak v. Com., Unemployment Compensation Board*, 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985), citing *Murphy v. Commonwealth, Department of Public Welfare*, 85 Pa.Cmwlth. 23, 29, 480 A.2d 382, 384 (1984). In other words, the evidence must "so preponderate in favor of a conclusion that it outweighs, in the mind of the factfinder, any inconsistent evidence and reasonable inferences drawn therefrom." *G.S. v. Com., Department of Public Welfare*, 104 Pa. Cmwlth. 84, 521 A.2d 87, 90 (1987).

Specifically, this controversy is controlled by the Child Protective Services Law, supra. Under that statute, the Department of Public Welfare may expunge any record of an indicated report upon "good cause shown". 11 P.S.

§ 2214(*o*). By statute, a "good cause" for expunging an indicated report is a determination that the report of alleged abuse is not supported by substantial evidence which is based on medical evidence, the child protective service investigation or any admissions of abuse by the child's parents or persons responsible for the child's welfare. 11 P.S. § 2203. Finally, the child protective service has the burden to establish by substantial evidence that the indicated report of abuse is accurate and being maintained in a manner consistent with the law. 11 P.S. § 2215(12)(d).

Here, the Appellant has been accused of sexual abuse of his daughter. The Public Welfare Code defines sexual abuse, in relevant part, as "sexual involvement, including the touching or exposing of the sexual or other intimate parts of a person, for the purpose of arousing or gratifying sexual desire in either the perpetrator or subject child." 55 Pa.Code § 3940.4. Given the record, it is clear that the Appellee has failed to sustain its burden of establishing by substantial evidence that the indicated report of abuse is accurate. Because of the time delay between the alleged incidents and the reporting, no medical evidence existed. Furthermore, the father specifically denied any incidents of sexual abuse. Finally, the investigation conducted by CYS was limited to interviews with the child, her counselor, and her parents. Given the history of the case it would have been more appropriate to expand the investigation to include an examination or interview of the PAAR counselor, the county detectives and possibly a review of the court proceedings before Judge Novak. Without the entire picture, it is doubtful that CYS's investigation can be considered conclusive resulting in a decision supported by substantial evidence. To the contrary, it may reasonably be concluded that CYS did little or nothing to investigate the case.

Instead, the Appellee would have the factfinder speculate as to the existence of a sexual assault. In other words, the Department would conclude that since the Appellant admitted lying on top of his daughter, then his body must have

touched the child's sexual or intimate parts. However, this conclusion must give way to the specific findings of the hearing officer as adopted by the director and the child's own testimony that the Appellant did not touch the child sexually.

Accordingly, we reverse the order of the Commonwealth Court and remand this matter to the Department of Public Welfare for the purpose of expunging the report of indicated abuse concerning the Appellant.[2]

It is so ordered.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

The majority by focusing upon the "rights of the adoptive parent," even to the extent of questioning the propriety of the standard of proof set forth under the Act,[1] 23 Pa.C.S. 6301, *et seq.*, [formerly 11 P.S. § 2201, *et seq.* (repealed)], see slip op. at note 2, reflects the erroneous premise upon which the majority has proceeded to view this matter. The focus of this legislation is to protect the child and not to punish the alleged offender. 23 Pa.C.S. § 6302(b). The records at issue are confidential, 23 Pa.C.S. § 6339, and

**2.** Although the Appellant did not question the standard of proof required by the Appellee in order to maintain the indicated report, this Court is quite troubled by the use of any standard less than requiring clear and convincing evidence. Even though the statute requires substantial evidence, it is quite possible that such a standard does not adequately protect the rights of the accused given the nature of these proceedings. See *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). However, since the issue has not been raised, we will defer consideration until such time as it is properly briefed and argued.

**1.** The majority suggests the "substantial evidence test" employed by the statute may "not adequately protect the rights of the accused" and that the "clear and convincing evidence test" would be more appropriate. I strongly disagree. Most encounters of this nature are designed by the perpetrator not to be uncovered. The minor victim is usually the only available witness whose interest must be paramount in these situations. The instant situation must be distinguished from a criminal matter where the rights of the defendant are paramount.

maintained only for future placement decisions; thus no demonstrable harm to the appellant has been shown.

Moreover, in this case the conduct in question is conceded. The only question at issue is the nature of the admitted conduct. The testimony indicated that when the complainant was between the ages of four to eight years, J.S., the adoptive father, would lie on top of the child, fasten her to the floor, and place open-mouth kisses on her head, neck, and face.[2] Clearly, this is not conduct consistent with normal fatherly affection. The Public Welfare Code on sexual abuse, in relevant part, provides that "sexual involvement including the touching ... of the sexual or other intimate parts of a person, for the purpose of arousing or gratifying sexual desire in either the perpetrator or subject child." 55 Pa.Code § 3940.4.

I am satisfied from the review of this record that the evidence produced by the Department of Public Welfare satisfied their burden. I am therefore of the view that the Order of the Commonwealth Court should be affirmed and the request for the expungement of the records denied.[3]

Accordingly, I dissent.

---

**2.** As to the specific "open-mouth" nature of the alleged kissing, the appellant father, while not describing his kissing as such, did not specifically contest the minor's characterization of the kissing.

**3.** We note that pursuant to 23 Pa.C.S.A. § 6338(b) the information contained in these records is automatically expunged when the subject child reaches the age of 18. Instantly, the subject child was born June 14, 1971 and turned 18 years of age on June 14, 1989. Thus, as a matter of law, the report was expunged in November, 1989. *See* Brief For Appellee at p. 5. It therefore appears that the issues herein are at best academic.