**J.W., Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

**K.W. and S.W., Petitioners**

v.

**Department of Public Welfare, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 12, 2010.

Decided Dec. 1, 2010.

Brendan Lynch, Philadelphia, for petitioner, J.W.

Aaron B. Gorodetzer, West Chester, for petitioners, K.W. and S.W.

Michael Angelotti, Asst. City Solicitor, Philadelphia, for intervenor, Department of Human Services.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

J.W., K.W. and S.W. (Petitioners) petition for review of the February 26, 2010, order of the Department of Public Welfare's (DPW) Bureau of Hearings and Appeals (Bureau), which denied Petitioners' challenge to the filing of indicated reports of child abuse against them with the Child-Line Registry. We reverse.

J.W. is the maternal grandmother of N.W., a female child born on February 18, 2007. K.W. is the child's father, and S.W. is the paramour of K.W. (Findings of Fact, Nos. 1–4.) K.W. received full custody of his daughter on October 30, 2008, and, thereafter, regularly bathed his daughter and changed her diapers. On November 8, 2008, J.W. cared for her grandchild, including changing her diapers. (Findings of Fact, Nos. 22, 24–26, 28.)

On November 20, 2008, K.W. took his daughter to Einstein Medical Center for a well-baby visit. That same day, Philadelphia County Child Protective Services (County) received an oral report of suspected child abuse from Einstein Medical Center. The County assigned Social Worker Kita Scott to investigate. (Findings of Fact, Nos. 7, 9.)

On November 21, 2008, the child was transferred to St. Christopher's Hospital for Children. Maria McColgan, M.D., who is director of the hospital's child protective services program, examined the child. The child had a burn mark on her left thigh and back, a cut lip, lesions on the inside of her mouth, two rib fractures, and bruises on her left rib area, stomach, forehead, right cheek, left cheek and chest. The amount of bruising was abnormal, and the rib fractures occurred approximately ten to fourteen days before the child was brought to the hospital. Rib fractures are unusual in a one-year-old child and are not typical of accidental trauma. It would have taken a significant amount of bending force to fracture the child's ribs. (Findings of Fact, Nos. 8, 14–20; R.R. at 108a.)

In conducting her investigation, Scott interviewed Dr. McColgan, two doctors who saw the child at Einstein Medical Center, Petitioners and the child's mother. In addition, Scott was present when a photograph was taken of the child's rib area on November 20, 2008. Scott took other photographs of the child on November 21, 2008. (Findings of Fact, Nos. 10–12.)

On December 19, 2008, the County filed indicated reports of child abuse against Petitioners. DPW notified Petitioners, who filed appeals, requesting hearings and the expunction of their names from the ChildLine Registry. (Findings of Fact, Nos. 35–47.)

At a consolidated hearing, the County presented the testimony of Scott and Dr. McColgan. K.W. testified on behalf of himself and S.W., but J.W. did not testify. After considering the evidence, the Bureau's Chief Administrative Law Judge (ALJ) rejected the testimony of K.W. and accepted the testimony of Dr. McColgan and Scott. Based on the credible testimony, the ALJ found that the child's injuries were not accidental and that the child suffered severe pain as a result of her injuries. The ALJ then denied the appeals based on section 6381(d) of the Child Protective Services Law (Law), which states:

> (d) Prima facie evidence of abuse.—Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be prima facie evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S. § 6381(d). The ALJ reasoned as follows:

> While there is very little case law on this point, it would appear that the purpose of 23 Pa.C.S. § 6381(d) is to prevent multiple caregivers from "circling the wagons." While [Petitioners] in this case may have chosen to "circle the wagons" so that the identity of the abuser(s) could not be determined, none of them offered any credible evidence to rebut the presumption. The intent of the presumption is to shift the burden to the caregivers to offer substantial countervailing evidence that would rebut the presumption. The presumption is not conclusive proof the caregivers committed the abuse[;] it merely prevents them

from sitting back and having the court play a guessing game[,] which is not the nature of judging.

(ALJ's Op. at 12–13.) The ALJ thus denied the appeals because each Petitioner had the child in his or her care during the time frame in which the child's injuries occurred, but none of the Petitioners presented credible evidence to rebut the presumption in 23 Pa.C.S. § 6381(d). K.W. and S.W. filed a petition for review of the ALJ's decision. J.W. filed a separate petition, but this court has consolidated the petitions for purposes of disposition.

■ Petitioners argue that the presumption is waived because it was not raised as an issue at the hearing, thereby depriving Petitioners of a meaningful opportunity to rebut the presumption at the hearing. We agree.

In *C.E. v. Department of Public Welfare*, 917 A.2d 348 (Pa.Cmwlth.2007), a female child was in the care of C.E., who was the boyfriend of the child's mother, and three other adults during the period when the abuse occurred. The County named C.E. as an abuser, and, when C.E. sought expunction, the County argued that the presumption in section 6381(d) of the Law applied. This court stated that the presumption issue was waived because the County did not raise it as an issue at the hearing before the ALJ. *Id.* at 356. Likewise, here, because the County did not raise the presumption as an issue at the hearing, the issue is waived.[1]

Even if the presumption had not been waived, Petitioners correctly argue that it does not apply in situations where a child was in the care of multiple persons during the period when the abuse occurred and it

---

1. Although K.W. testified at the hearing, S.W. and J.W. did not. If they had known the County planned to argue the application of the section 6381(d) presumption, S.W. and J.W. might have testified in an attempt to rebut that presumption.

is not possible to determine which person actually abused the child.

■ First, by statute, when the presumption applies, it establishes child abuse by "the parent or other person" responsible for the welfare of the child. 23 Pa.C.S. § 6381(d). Inasmuch as the statutory provision refers to "the parent or other person" in the singular, we construe the presumption to apply only when it is possible to determine that a particular person was responsible for the welfare of the child during the period of the abuse.

Second, in *C.E.*, although this court concluded that the presumption issue had been waived, this court then stated, as *dicta,* that the presumption does not apply because C.E. was not the only adult responsible for the child's care during the time prior to discovery of the abuse. *C.E.,* 917 A.2d at 356–57.

Third, in *C.S. v. Department of Public Welfare,* 972 A.2d 1254 (Pa.Cmwlth.) (*en banc*), appeal denied, 604 Pa. 708, 987 A.2d 162 (2009), a family court found in a dependency proceeding, based solely on *prima facie* evidence and the presumption, that both parents abused their child. The County placed **both** names on the Child-Line Registry, and the father, C.S., sought expunction. DPW did not hold an expunction hearing, relying on the finding of abuse in the dependency proceeding. After reviewing the matter, this court remanded the case for an expunction hearing

because the record in the dependency proceeding contained only *prima facie* evidence of abuse, **not** substantial evidence. This court noted that the family court had expressed uncertainty as to whether C.S. abused the child and that **several other individuals had cared for the child** before the child began exhibiting symptoms of abuse. This court stated that, on remand, the County must prove by **substantial evidence** that C.S. abused his child, i.e., the *prima facie* evidence that triggered the presumption would not be sufficient.[2]

■ Fourth, an "indicated report" of child abuse is, by definition, a report made where there is "substantial evidence" of the abuse, i.e., where there is "[e]vidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion." Section 6303 of the Law, 23 Pa.C.S. § 6303. Thus, to support an "indicated report" of child abuse by a particular person, any *prima facie* evidence presented to trigger the presumption in section 6381(d) must be "substantial evidence." Here, the evidence shows only that each Petitioner cared for the child at some point during the period when the abuse occurred. A reasonable person would not accept such evidence as adequate to support a conclusion that each of the Petitioners actually abused the child.

Accordingly, we reverse.[3]

**2.** We note that, in *J.B. v. Department of Public Welfare,* 898 A.2d 1221 (Pa.Cmwlth.2006), a male child was in the care of his mother and her paramour, J.B., during the period when the abuse occurred. Both were named as abusers, but only J.B. sought expunction of his name. This court applied the presumption in section 6381(d) of the Law, and, because J.B. did not rebut the presumption with credible testimony, this court allowed J.B.'s name to remain on the registry. *Id.* at 1226.

However, the *en banc* panel in *C.S.* has implicitly overruled the panel decision in *J.B.*

**3.** Petitioners argue that the proper standard of proof in an expunction case is "clear and convincing evidence" pursuant to *J.S. v. Department of Public Welfare,* 528 Pa. 243, 248 n. 2, 596 A.2d 1114, 1116 n. 2 (1991) (stating, in *dicta,* that the court is quite troubled by the use of any standard less than clear and convincing evidence in expunction cases and that it is quite possible the substantial evidence

*ORDER*

AND NOW, this 1st day of December, 2010, the order of the Bureau of Hearings and Appeals of the Department of Public Welfare, dated February 26, 2010, is hereby reversed.

standard does not adequately protect the rights of the accused given the nature of the proceedings). We decline to address this issue because Petitioners do not develop this argument in their brief. In addition, because of our disposition of this case, we need not address the other arguments raised in Petitioners' brief.